# In the United States Court of Federal Claims

RAYMOND P. MIKOLAJCZYK, PATRI-
CIA J. WAGNER MIKOLAJCZYK, and
RICHARD L. WAGNER,

                         *Plaintiffs,*

    v.

THE UNITED STATES,

                         *Defendant.*

No. 24-929 C

(Filed: June 26, 2024)

Raymond P. Mikolajczyk, Patricia J. Wagner Mikolajczyk, and Richard L. Wagner, Fairbanks, AK, *pro se.*

**OPINION AND ORDER**
**Dismissing Complaint for Lack of Jurisdiction**

**SILFEN,** *Judge.*

    Raymond P. Mikolajczyk, Patricia J. Wagner Mikolajczyk, and Richard L. Wagner filed a complaint in this court seeking damages and equitable relief from the United States based on federal judicial officers' alleged breach of a "civil action contract for honest judicial services" in the course of deciding a case in Alaska district court. This court does not have jurisdiction to review the actions of another federal court. To the extent that the complaint presents criminal claims, tort claims, and claims for equitable relief, this court also lacks the authority to adjudicate those. Thus, the court **dismisses** plaintiffs' complaint sua sponte.

## I.    Background

    In 2023, pro se plaintiffs Raymond P. Mikolajczyk, Patricia J. Wagner Mikolajczyk, and Richard L. Wagner (along with another plaintiff who is not involved in this suit) filed a complaint

in Alaska district court against several defendants, both public state employees and private citizens, alleging civil rights violations in the process of administering the estate of a relative, Richard E. Wagner. *Wagner v. Ruppert*, Case No. 4:23-cv-00013, ECF No. 1 (D. Ak. June 23, 2023). The case was assigned to Chief Judge Gleason.

On June 14, 2024, plaintiffs filed a complaint in this court alleging that Chief Judge Gleason and Clerk of the Court Duncan breached a "civil action contract for honest government services" between plaintiffs and the government while addressing and deciding the Alaska district court case. ECF No. 1 at 6, 9. They allege that the contract is memorialized by financing statements they filed under the Uniform Commercial Code. ECF No. 1-1, Exs. A-B. Plaintiffs assert that the "contract secured the use and application of the statutes, rules of federal procedure and evidence" and required federal public servants—Chief Judge Gleason and Clerk Duncan—to execute their "fiduciary duties." ECF No. 1 at 2-3. "This means," they contend, "that the court is required to review all the facts exposed on the official public records presented and apply the law, rules and regulations in a fair and just manner" and that "Equity Jurisdiction controls for the enforcement of contracts as written and secured." *Id.* at 9.

Plaintiffs allege that while presiding over *Wagner v. Ruppert*, Chief Judge Gleason "refus[ed] to operate under the federal civil rules" and "failed to honor her obligations of providing honest services, enforcing the rules as written" by granting the defendants an extension of time to file their pleadings, by allowing the defendants to file a motion instead of an answer, by issuing text orders, and by ignoring the federal rule of evidence barring hearsay in allowing unsworn statements into the record. ECF No. 1 at 10-13. Plaintiffs assert that Clerk Duncan also breached the alleged contract for honest government services by "fail[ing] to hold to account the clerk of the Superior Court of the State of Alaska for providing certified copies of the proceedings in the estate

2

case … to the federal case" and for committing errors "concerning moving of files to the appellate court." *Id.* at 7, 12-13. The complaint further alleges that Chief Judge Gleason and Clerk Duncan "act[ed] outside [their] enumerated powers," amounting to "criminal negligence … which is a tort," "fraud in the misuse of government authorities," and crimes under 18 U.S.C. § 4. *Id.* at 2-3, 12-14.

Plaintiffs request $43,923,000 in damages, additional penalties, and equitable relief, including transfers to both this court and the U.S. District Court for the District of Columbia and assignment of a special master to administer the estate. *Id.* at 13-17.

## II.   Discussion

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). The Tucker Act provides the court with "jurisdiction to render judgment upon any claim against the United States founded … upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings and record "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still

have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

Under this court's rule 12(h)(3), the court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." RCFC 12(h)(3); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)). Therefore, even if not disputed by a party, the court may challenge subject-matter jurisdiction sua sponte. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

### A.    This court lacks jurisdiction over the complaint

This court does not have jurisdiction over the complaint, even liberally construed.

Plaintiffs' complaint is primarily about the actions of two federal employees, Chief Judge Gleason and Clerk Duncan. ECF No. 1 at 7. This court does not have jurisdiction over allegations against those individuals; it only has jurisdiction over allegations against the federal government. 28 U.S.C. § 1491; *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). If the allegations against Chief Judge Gleason and Clerk Duncan are construed as *Bivens* claims—alleging constitutional-right violations by a federal official— *Bivens* claims lie outside the jurisdiction of this court. *Brown*, 105 F.3d at 624. To the extent that plaintiffs' complaint also alleges that attorneys for the Alaska defendants have abused their public office (ECF No. 1 at 16), the same goes for them.

This court also independently lacks jurisdiction over the subject matter of plaintiffs' complaint. Although framed using breach-of-contract principles, the complaint substantively alleges judicial misconduct during a district court proceeding. *See generally* ECF No. 1. Judicial

misconduct and substantive attacks on district court proceedings are beyond this court's authority. *Mooney v. United States*, 829 F. App'x 520 (Fed. Cir. 2020); *see Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (This court "does not have jurisdiction to review the decisions of … the clerks of district courts relating to proceedings before those courts."); *see also* 28 U.S.C. § 1291 ("The court of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States.").

The court may alternatively construe plaintiffs' complaint as presenting claims against the United States based on the alleged conduct of its agents. *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998) (reviewing claims against federal officers both as claims against those individuals and as claims against the United States and analyzing the latter). To the extent that plaintiffs allege that the government breached a contract, they must allege a contract. *Trauma Service Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). Plaintiffs allege that they are "Sovereign State Citizens" (ECF No. 1 at 5) and that they are parties to a contract under the Uniform Commercial Code and financing statements filed under it (*id.* at 2, 10; ECF No. 1-1 at 2-3). This court lacks jurisdiction over claims for damages based on the Uniform Commercial Code. *Clark v. United States*, 116 F. App'x 278, 279 (Fed. Cir. 2004); *see Rivera v. United States*, 105 Fed. Cl. 644, 646 (2012) (explaining that a so-called sovereign citizen believes that he became a party to a government contract when he received a birth certificate and social security card and can collect money held in trust by the government when he files financing statements under the Uniform Commercial Code, but holding that this process does not establish a valid contract with the United States); *Ammon v. United States*, 142 Fed. Cl. 210, 214-15, 219-20 (2019) (same); *Clapp v. United States*,

5

No. 23-1507, 2023 WL 8540604, at *4 (Fed. Cl. Dec. 11, 2023) (explaining that no contract was created when the government failed to respond to a Uniform Commercial Code financing statement).

To the extent that the complaint alleges criminal activity (ECF No. 1 at 2-3, 12-14), this court does not have the authority to entertain "any claims whatsoever under the federal criminal code." *Joshua*, 17 F.3d at 379; *see Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (the Court of Federal Claims "has no jurisdiction over criminal matters generally"); *see also Canuto v. United States*, 651 F. App'x 996, 997-98 (Fed. Cir. 2016) (noting "the general rule that the Tucker Act does not grant the Court of Federal Claims jurisdiction to enforce the federal criminal code").

Plaintiffs' complaint appears to disclaim any tort allegations. ECF No. 1 at 2-3. But the complaint alleges that Chief Judge Gleason and Clerk Duncan "act[ed] outside [their] enumerated powers," breached their fiduciary duties as public federal servants (*id.*), committed fraud (*id.* at 13-14), and engaged in negligent, fraudulent, and otherwise wrongful conduct when discharging their official duties (*see generally* ECF No. 1). Those are torts. *Cox v. United States*, 105 Fed. Cl. 213 (2012) (breach of fiduciary duty), *Brown*, 105 F.3d at 623 (fraud); *Smithson v. United States*, 847 F.2d 791, 794 (Fed. Cir. 1988) (government misfeasance and misconduct). This court's jurisdiction extends to claims against the government "in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see also* 28 U.S.C. § 1346(b)(1) (tort claims against the government are in the "exclusive jurisdiction" of federal district courts, not this court). While this court can hear a tort claim stemming from a breach of contract, the breach of contract must be the central cause of action. *Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir. 2002). Here, plaintiffs have not established

a valid contract based on financing statements filed under the Uniform Commercial Code and thus have not established a breach-of-contract cause of action. *Rivera*, 105 Fed. Cl. at 646.

Finally, this court cannot provide the equitable relief plaintiffs seek. Any equitable relief must be "tied and subordinate to a money judgment." *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998); 28 U.S.C. § 1491(a)(2) (permitting equitable relief that is "an incident of and collateral to" a money judgment). Plaintiffs' damages claims cannot succeed. Thus, their claims for equitable relief must also be dismissed.

### III. Conclusion

For the reasons stated above, this court **dismisses** the complaint for lack of subject-matter jurisdiction. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge