# In the United States Court of Federal Claims

| | |
|---|---|
| RAYMOND P. MIKOLAJCZYK, PATRICIA J. WAGNER MIKOLAJCZYK, and RICHARD L. WAGNER,<br><br>*Plaintiffs,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant.* | No. 24-929 C<br><br>(Filed: August 7, 2024) |

Raymond P. Mikolajczyk, Patricia J. Wagner Mikolajczyk, and Richard L. Wagner, Fairbanks, AK, *pro se*.

**ORDER**
**Denying Plaintiffs' Motion for Relief from Judgment under Rule 60**

**SILFEN,** *Judge*.

On June 26, 2024, the court dismissed plaintiffs' complaint for lack of subject-matter jurisdiction under the court's rule 12(h)(3). ECF No. 4. The court explained that it does not have jurisdiction over the types of claims the complaint asserts. *Id.* at 4-7.

One month later, plaintiffs filed papers, including one titled "Sovereign Contract Owners, Memorandum and Order, VOIDING Judgement, … for Lack of Jurisdiction," evidently seeking to undo the judgment in their case. ECF No. 7 (received by the court on July 25, 2024). Liberally construed, those filings seek relief from a judgment or order under rule 60(b) of the Rules of the Court of Federal Claims (RCFC). ECF No. 7-1 at 1 (citing rule 60(b)(3)-(5)). Thus, the court will treat those filings as a rule 60 motion for relief from judgment. For the reasons below, the court **denies** plaintiffs' motion.

1

Under rule 60(b)(3)-(5), the court may relieve a party from a final judgment because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; … [because] the judgment is void … [or] has been satisfied, released, or discharged; [because] it is based on an earlier judgment that has been reversed or vacated; or [because] applying it prospectively is no longer equitable." RCFC 60(b)(3)-(5). "The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." History and Purpose of Rule, 11 Fed. Prac. & Proc. Civ. § 2851 (3d ed.). To succeed on a rule 60 motion, the "movant must provide a sufficient reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Dobyns v. United States*, 915 F.3d 733, 738 (Fed. Cir. 2019). The court will not grant relief "if substantial rights of the [movant] have not been harmed by the judgment." *Dynacs Engineering Co., Inc. v. United States*, 48 Fed. Cl. 240, 242 (2000). The court has discretion to decide whether to grant relief under rule 60. *Sioux Tribe of Indians v. United States*, 862 F.2d 275, 279 (Fed. Cir. 1988).

Plaintiffs allege that this court does not have jurisdiction to "OVER RULE, CANCEL, ALTER, SCRAP, REPEAL, ANNUL, ALTER, TAMPER WITH a perfected contract for honest judicial service, purchased from the United States of America." ECF No. 7 at 1-2. They further allege that the undersigned and other officers of this court did not provide due process, engaged in fraud or misrepresentation, acted with bias or a conflict of interest, and lacked the legal capacity to participate in the proceedings. *Id.* at 2-5.

Plaintiffs do not explain how this court's decision dismissing their case for lack of jurisdiction altered any existing contract. *See generally* ECF No. 7. Nor do they explain why the court's explanation was insufficient for due process purposes. *Id.* at 2-3. The court explained that the source of its authority—the Tucker Act, 28 U.S.C. § 1491(a)(1)—precludes the types of relief

plaintiffs seek and precludes judgments against the individuals plaintiffs wish to sue. ECF No. 4 at 4-7. The court also explained that plaintiffs failed to plead the existence of a contract that would establish jurisdiction in this court. ECF No. 4 at 5-6; *see Jaye v. United States*, 781 Fed. App'x 994, 996-97 (Fed. Cir. 2019) (when the plaintiff did not plead the elements of a valid contract, she was unable to establish jurisdiction in this court).

Plaintiffs' motion does not establish any basis for relief under rule 60(b). Plaintiffs have not shown that the decision was based on fraud, misrepresentation, or misconduct by an opposing party under rule 60(b)(3). The Federal Circuit is clear that the required showing of fraud must be specifically raised by the opposing party. *Brown v. United States*, 251 F.3d 169 (Fed. Cir. 2000). Plaintiffs do not allege that this court's decision to dismiss their complaint was based on the government's misconduct at all. Instead, plaintiffs allege that officers of this court acted fraudulently. ECF No. 7 at 2. Such "a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task" is governed by rule 60(b)(6) and (d)(3). *Broyhill Furniture Industries, Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1085 (Fed. Cir. 1993). Relief in those cases is limited to the most egregious circumstances. *Id.* at 1085-86.

Here, plaintiffs allege only that the officers of this court have not proven that they do not have financial interests in foreign governments, private companies, American or foreign political parties, bar associations, or the Federal Reserve. ECF No. 7 at 3. Officers of the court are of course required to recuse from deciding cases in which they have conflicts of interest. 28 U.S.C. § 455. But when those judicial officers have not identified any conflict, a party seeking relief must allege specific financial entanglements. A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise. *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir.

1992); *see United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (to disqualify a judge for bias or prejudice, a movant must allege that an extrajudicial source improperly influenced the court's ruling); *Wagstaff v. United States*, 118 Fed. Cl. 172, 176 (2014), *aff'd,* 595 Fed. App'x 975 (Fed. Cir. 2014). It is the movant's burden to prove the existence of fraud, misrepresentation, or misconduct by clear and convincing evidence, and allegations of "unsubstantiated innuendo and uncorroborated inferences" do not suffice. *Id.*; *Campbell v. Sec'y of Dept. of Veterans Admin.*, 603 Fed. App'x 761, 762 (11th Cir. 2015) ("Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud.").

Nor do plaintiffs explain how any alleged misconduct—financial or otherwise—affected the court's decision to dismiss the case for lack of jurisdiction. ECF No. 7 at 3. Plaintiffs' vague allegations cannot support relief under rule 60(b)(3), (b)(6), or (d)(3). *See Raitport v. United States*, 66 F.3d 344 (Fed. Cir. 1995) (affirming denial of a rule 60(b)(3) motion because the plaintiff provided no support for his allegations that the presiding judge committed fraud).

Plaintiffs also have not shown that the original judgment is void. A judgment is considered void under rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Void Judgment, 11 Fed. Prac. & Proc. Civ. § 2862 (3d ed.). But "a court has jurisdiction to determine its own jurisdiction." *Id.* Here, the court held that it lacked jurisdiction to decide the merits of the case and thus dismissed. And in fact, plaintiffs allege that this court and its judicial officers do not have jurisdiction to alter or annul their alleged contract. ECF No. 7 at 1-2. Plaintiffs have not established that this court has jurisdiction or that they are entitled to relief under rule 60(b)(4). *See Crews v. United States*, 424 Fed. App'x 937, 941 (Fed. Cir. 2011) (affirming denial of a rule 60 motion

because the plaintiff did not present evidence in support of his claim that the original judgment was void).

Finally, under rule 60(b)(5), plaintiffs must show a "significant change in the factual conditions or legal landscape render[ing the] continued enforcement of the judgment or order harmful to the public interest" or no longer equitable. *Smith v. United States*, 495 Fed. App'x 44, 50 (Fed. Cir. 2012) (affirming the denial of a rule 60(b)(5) motion). Plaintiffs' motion does not challenge this court's legal conclusions. *See generally* ECF No. 7. Any concerns with the Alaska district court decision (ECF No. 7 at 3-5) must be addressed in that proceeding. ECF No. 4 at 4-6; *Allustiarte v. United States*, 256 F.3d 1349, 1351-52 (Fed. Cir. 2001).

Plaintiffs' rule 60 motion fails to present any basis for relief from judgment. This court therefore **denies** plaintiffs' rule 60 motion for relief from judgment (ECF No. 7).

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge